907 F.2d 142
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Theodore and Catherine M. MOOTOS, Petitioners, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.
 No. 89-1793.
 United States Court of Appeals, First Circuit.
 April 23, 1990.
 
 Appeal From: U.S.T.C.
 AFFIRMED
 Before TORRUELLA, SELYA and CYR, Circuit Judges.
 PER CURIAM:
 
 
 1
 Taxpayers, Theodore and Catherine Mootos, appeal from a decision of the United States Tax Court. The court had determined that taxpayers had under-represented their income for the years 1983, 1984 and 1985. Mr. Mootos, the sole owner and operator of a shoe repair shop, kept no books, business records or register receipts concerning the fiscal state of his business during these years.
 
 
 2
 Taxpayers listed their net income for 1983 as $4600, for 1984 as $4800 and for 1985 as $4500. No other income was reported. The IRS determined that tax was due on an unreported income of $22,834 for these three years. The determination was based on the source and application of funds method of income reconstruction.[1] According to the tax court, this method "is based upon the assumption that the amount by which the taxpayer's application of funds exceeds his known sources of income is taxable income absent some showing by the taxpayer of a nontaxable source." Memorandum Opinion, at 3.
 
 
 3
 The taxpayers attempted to refute the determination that they owed taxes on unreported income by averring that their children had contributed money from their jobs to taxpayers. Also, Mr. Mootos stated that he had an inheritance of $1500 which he had used as income.
 
 
 4
 The tax court agreed with the Commissioner's determination that taxpayers owed income tax for the years 1983-1985 and that the inheritance and the income from their children, a nontaxable source, did not make up for the excess application of funds. Such a finding is subject to a "clearly erroneous" standard on appellate review. Commissioner v. Duberstein [60-2 USTC p 9515], 363 U.S. 278, 291 (1960). Taxpayers, on appeal, raise two issues: (1) the refusal by the IRS to accept as nontaxable income the earnings of their children and the money received as an inheritance; and (2) the failure of the IRS to return the original receipts concerning the inheritance. The brief on appeal consists only of calculations of their childrens' earnings and a copy of a will. Taxpayers do not directly dispute the amount of unreported income determined by the Commissioner or the amount of total taxes due for the period 1983 to 1985.
 
 
 5
 The decision by the tax court to accept such findings is not clearly erroneous. See Duberstein, 363 U.S. at 291; Hanover Insurance Co. v. Commissioner [79-1 USTC p 9366], 598 F.2d 1211, 1220 (1st Cir.), cert. denied, 444 U.S. 915 (1979). The view that the alleged sources of nontaxable income--the childrens' earnings and the inheritance--could not explain the amount of funds expended is not clearly wrong. The presumption of correctness of the Commissioner is not rebutted by taxpayers' recapitulation of their view of the facts.
 
 
 6
 The decision of the tax court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 In the tax court's view the source and application of funds method is an accepted method for determining income, especially where a taxpayer does not keep books and records sufficient to show gross income. Memorandum Opinion, at 3. The taxpayers do not dispute this method